UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6606-DMG (ASx)** | Date | August 21, 2018 |
|---|---|---|---|
| Title | *Melissa Smith v. Freedom Mortgage Corporation, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On August 6, 2018, the Court ordered Defendant Freedom Mortgage Corporation to show cause why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction ("OSC"). [Doc. # 11.] On August 13, 2018, Defendant filed a response to the OSC, wherein Defendant claims that 28 U.S.C. section 1332(a)'s amount-in-controversy requirement has been satisfied ("Def.'s Resp."). [Doc. # 12.] The Court disagrees.

Defendant first argues that Plaintiff had an "annual base salary of $50,000 plus benefits valued at approximately $275,000[.]" *See* Def.'s Resp. at 6.[1] Nonetheless, Defendant concedes that because it terminated Plaintiff on June 1, 2018, her "wage loss for the two months between her separation and the time of removal amounts to approximately $8,500." *Id.* Even if the Court assumes that it would take a full year for the case to reach a trial and verdict, full recovery of lost back wages would amount to $50,000. Similarly, Defendant has not shown that Plaintiff has lost the entire value of her $3,000 annual paid time off benefits or of the $1,000 annual contribution Defendant made to Plaintiff's dental plan. *See id.* at 5. Moreover, Defendant provides no support for its implicit premise that Plaintiff is no longer entitled to *any* of the benefits of her $10,000 child life insurance policy, $50,000 spousal life insurance policy, and $150,000 supplemental life insurance policy, which collectively account for the bulk of the value of Plaintiff's employment benefits—or that the face value of these policies should be included in the calculation of the amount in controversy.[2] *See id.* at 5–11. Therefore, Defendant has shown only that the amount in controversy is $50,000. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.").

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] Defendant asserts that Plaintiff also had long-term disability benefits and vision benefits. *See* Def.'s Resp. at 5. Yet, Defendant does not quantify those two items or explain why the aggregate value of Plaintiff's employment benefits is $275,000. *See id.* at 5–6.

UNITED STATES DISTRICT COURT JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6606-DMG (ASx) | Date | August 21, 2018 |
|---|---|---|---|
| Title | *Melissa Smith v. Freedom Mortgage Corporation, et al.* | Page | 2 of 2 |

Defendant also contends that attorneys' fees and damages awards in other employment discrimination cases demonstrate that the amount in controversy exceeds the jurisdictional threshold. *See* Def.'s Resp. at 6–10. This action alleges disability discrimination and failure to engage in the interactive process. Yet, apart from providing brief explanatory parentheticals for random cases, Defendant makes no attempt to analogize the instant matter to them. For instance, Defendant represents that, in a case involving claims of "constructive discharge in violation of public policy, retaliation in violation of [California's Fair Employment and Housing Act ('FEHA')], harassment in violation of FEHA, and intentional infliction of emotional distress[,]" a plaintiff obtained a punitive damages award of $2,000,000 and a total damages award of $2,328,000. *See id.* at 8–9 (citing *Bryant v. Fed. Express*, No. 103CV01004, 2005 WL 6933716 (Cal. Superior Court Feb. 1, 2005)). Such vague descriptions and paltry analysis are insufficient to overcome the "strong presumption" against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court for lack of jurisdiction. The September 21, 2018 scheduling conference is VACATED.

**IT IS SO ORDERED.**